**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Alex RUDY, Defendant-Appellant.**

**No. 25431.**

United States Court of Appeals,
Ninth Circuit.

Aug. 14, 1970.

James F. Hewitt (argued), San Francisco, Cal., for defendant-appellant.

Jerrold L. Ladar (argued), Asst. U. S. Atty., James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

This is an appeal from an order of contempt of court.

On October 6, 1969, Rudy was arrested after picking up a bag which had been placed by government agents pursuant to handprinted ransom letters received in a kidnapping case.

The next day a complaint was filed before the United States Commissioner, charging Rudy with depositing for mailing a communication containing ransom demands. 18 U.S.C. § 876. The complaint was supported by the affidavit set forth in the Appendix. The government does not contend that Rudy was involved in the abduction of the kidnapped victim. Counsel was appointed for Rudy by the Commissioner and a preliminary hearing was scheduled for October 16, 1969.

On October 8, 1969, Rudy moved to quash the warrant of arrest on the ground that the affidavit of Special Agent Morgan was insufficient to establish probable cause. The motion was denied by the Commissioner.

At the preliminary hearing, counsel stipulated that the affidavit be con-

* Honorable Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.

sidered as evidence in that proceeding and no additional evidence was received. However, the Commissioner granted the government a continuance of the hearing to enable the government to seek an order from the district court compelling Rudy to furnish handprinted exemplars.

Based upon the complaint and affidavit, the government, on October 20, 1969, filed its motion to compel Rudy to submit and produce handprinted exemplars for examination by the government. The district court, after a hearing, issued its order finding (1) the affidavit was sufficient to support the complaint, (2) the facts set forth in the affidavit contained facts of probable cause for Rudy's arrest, and (3) ordered Rudy to "furnish the United States handprinting exemplars made by him of the alphabet in the English language in such quantity as is sufficient for expert analysis by the Government".

Rudy refused to comply with the court's order. An order to show cause in re contempt was issued. Rudy was adjudged in contempt of court for his refusal, and committed until he complied with the order. He is on bond pending this appeal.

Rudy contends that the "compelled creation of HANDPRINTING exemplars as ordered is violative of his privilege against self-incrimination and due process of law secured to him by the Fifth Amendment". Yet he states, "Conceding, as we are bound by *Gilbert* [Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967)] to concede, that compelling a handwriting exemplar, for identification purposes only, and apart from its written content, does not violate the Fifth Amendment privilege against self-incrimination", he cannot be required to give handprinting exemplars, because handprinting is susceptible to erroneous identification.

We hold that handprinting is within the handwriting rule of *Gilbert*.

The order to produce does not compel any selected phrases, merely exemplars of the alphabet. Rudy is assisted by counsel, and if any unrepresentative exemplar "is taken, this can be brought out and corrected through the adversary process at trial * * *." *Gilbert, supra* at 267, 87 S.Ct. at 1953. All issues in regard to whether or not disputed handprinting is subject to identification may likewise be litigated through the adversary process at trial.

Rudy contends further that (1) there was no showing of need for the exemplars, and (2) this court in its supervisory power over the administration of criminal justice should not permit district courts to aid law enforcement officers in the investigative process. The affidavit clearly demonstrates probable cause for Rudy's arrest and the need for exemplars. Rudy contends that the government, through its investigative processes, could obtain other exemplars of Rudy's handprinting, and that for the court to require Rudy to produce them is in effect permitting a short-cut method of acquiring evidence. The argument overlooks the fact that it was established before the district court that the government had no exemplars of Rudy's handprinting, although his person and apartment had already been lawfully searched.

The order of contempt is affirmed.

## APPENDIX

| STATE AND NORTHERN DISTRICT OF CALIFORNIA CITY AND COUNTY OF SAN FRANCISCO | ss. AFFIDAVIT |

I, Cosby J. Morgan, the undersigned, being duly sworn, depose and say:

"That I am a Special Agent of the Federal Bureau of Investigation and

while acting in that capacity determined from the Foster City Police Department that Susan Nason, 9 years of age, was reported missing to the Foster City Police Department by her parents, Mr. and Mrs. Donald Nason, on September 22, 1969. Extensive investigation by the Foster City Police Department has to date failed to establish any information concerning Susan's present whereabouts.

"On September 27, 1969, Susan's parents received in the United States mail, a letter postmarked San Francisco, California, postmarked being September 25, 1969. The letter, in essence, read:

"Read and follow these directions carefully. Don't show this to the pigs or you will never see this freckle-face brat again alive. That is, I want $10,000 in $10's and $20's in old bills—put the money in a paper sack. Go to the corner of Eddy and Mason Streets, San Francisco, at 11:00 PM, Saturday, put money inside door of Ambassador Lounge and leave. You will find your brat at bus station if money is picked up without trouble. Remember, no police or else your little Susan is dead.

"On September 27, 1969, directions were followed by Susan's father, Donald Nason, and package was left in doorway of Ambassador Lounge as instructed. After waiting approximately one hour, package was retrieved by Victim's father, and no attempt was made by anyone to take package.

"On September 30, 1969, Mr. and Mrs. Donald Nason received a second letter postmarked San Francisco, September 29, 1969. This letter indicated that person who wrote first letter had observed the drop and subsequent pickup of the package by Mr. Donald Nason. The writer indicated in this letter that he felt that the area was being watched by policemen and instructed Mr. Nason to place $20,-000 into a paper bag and drop it at the same spot on Monday night, which would be October 6, 1969, at the same time. He indicated in this letter that if any policemen were observed, he would send the fingers of Susan to Mr. Nason one at a time.

"On October 6, 1969, as instructed, Mr. Nason again delivered the paper bag as instructed to the doorway of the Ambassador Lounge, corner of Eddy and Mason Street, San Francisco, California.

"As observed by Special Agents of the Federal Bureau of Investigation, the package was not readily observable from the street approaching the doorway from the east. Defendant approached the doorway from the east. Within the doorway area were other pieces of debris and bags, the bag placed by Victim Nason being tan or beige, another bag being brown and one being light in color and what appeared to be a charcoal bag.

"At approximately 11:20 PM, a white male, age about 50, 5'6" in height, heavy build, approaching the doorway from the east i. e., walking west on Eddy Street was observed by Assistant Special Agent in Charge James T. Moreland and Special Agent Charles E. Galvin to enter the doorway to Ambassador Lounge and without hesitation pick up package immediately rolling it up without looking inside. This individual immediately started to walk west on Eddy Street, where he was arrested by Special Agents Cosby J. Morgan and Norbert H. Rascher. At the time of arrest, unknown male exclaimed, 'All I did was pick up the package.' "

(S) Cosby J. Morgan

COSBY J. MORGAN, Special Agent
Federal Bureau of Investigation

Sworn and Subscribed to Before Me This 7th Day of October, 1969

(S) Richard S. Goldsmith

RICHARD S. GOLDSMITH
U.S. Commissioner