UNITED STATES of America, Plaintiff-Appellee,

v.

John Ike GRIFFITH, Defendant-Appellant.

No. 71-1911

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1972.

William B. McCollough, Jr., N. P. Callahan, Jr., McCollough, McCollough & Callahan, Birmingham, Ala., for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, John S. Salter, Asst. U. S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

John Ike Griffith appeals from his conviction and sentence pursuant to an indictment charging him with conspiracy to use the United States mails to defraud, in violation of Title 18, U.S.C.A., Section 371, and five counts based on specific acts of mail fraud, in violation of Title 18, U.S.C.A., Section 1341. The convictions were based on substantial evidence that defendant, with others, fraudulently and through the use of the mails procured illegal divorces in Alabama for non-residents.

Defendant contends that his conviction should be reversed on numerous grounds:

1. The failure of the trial court to suppress evidence seized under an allegedly defective search warrant;

2. The admission of testimony which defendant contends was immaterial to his guilt and admitted solely for its prejudicial value;

3. The trial court's failure to grant his motion for a continuance or a mistrial after one of his attorneys became ill and was unable to continue at trial; and

4. Erroneous jury instructions on the applicable Alabama divorce laws.

5. The admission of a stipulation of both parties that defendant had previously been disbarred in Alabama.

We find it necessary only to state that these contentions have no merit whatsoever. *See* Local Rule 21.[1]

In addition, defendant complains of the admission of a certain witness' testimony without pre-cross examination disclosure under the Jencks Act, 18 U.S.C.A. § 3500 (1966).

▮ Assuming that disclosure of the witness' previous statements made to the Birmingham Bar Association was required under the Jencks Act,[2] and assuming that a motion by defendant to strike the testimony was not necessary to preserve the error,[3] we would consider any such error by the trial court to be harmless. *See* Fed.R.Crim.P. 52(a).

An examination of the witness' testimony in the instant case reveals that it was merely cumulative of the testimony of at least thirteen other witnesses concerning their correspondence with defendant, their visits to his office, and their subsequent receipt of a purported divorce decree. Such other evidence of defendant's illegal conduct is overwhelming. We therefore have no doubt that any such error had no effect on defendant's conviction. *See* Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); Kane v. United States, 8th Cir. 1970, 431 F.2d 172; Lewis v. United States, 8th Cir. 1965, 340 F.2d 678; Harris v. United States, 9th Cir. 1958, 261 F.2d 792, cert. denied, 360 U.S. 933, 79 S.Ct. 1446, 3 L.Ed.2d 1546 (1959).

Affirmed.

---

1. *See* NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

2. The Jencks Act was amended in 1970 to delete the phrase "to an agent of the Government." 18 U.S.C.A. § 3500 (Supp.1970). It would thus appear that a statement to the Bar Association, if in the hands of the government, could be subject to disclosure. *See* United States v. DeSimone, 5th Cir. 1971, 452 F.2d 554 [1971].

3. *Contra* Lewis v. United States, 8th Cir. 1965, 340 F.2d 678; Rodgers v. United States, 9th Cir. 1959, 267 F.2d 79; Fed. R.Crim.P. 51.