**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Brenda Martha DOWDY, Defendant-Appellant.**

No. 71–1422.

United States Court of Appeals, Tenth Circuit.

Feb. 29, 1972.

**1254**

William J. Mullins, Jr., Shawnee Mission, Kan., for defendant-appellant.

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

WILLIAM E. DOYLE, Circuit Judge.

The defendant-appellant was convicted by a jury of transporting a forged check in commerce, knowing the same to have been forged, in violation of 18 U.S.C. § 2314. This appeal challenges the voluntariness of a statement which appellant made to F.B.I. agents and, secondly, the admission of evidence which was not disclosed by the government prior to trial even though there was a pretrial discovery order requiring it.

There was ample evidence that the appellant used a stolen identification card to cash in Kansas City, Missouri, a check which had been drawn on a Kansas City, Kansas, bank. The instrument was processed through a Missouri bank, was sent to the Kansas bank, and ultimately was rejected by the Kansas bank as a forgery. This particular instrument was shown to have been one of a series of blank checks previously stolen from a vehicle body shop in Kansas City, Kansas.

In a statement to F.B.I. agents, the appellant said that she had attempted to negotiate the check at Milgram's Store No. 22 in Kansas City, Missouri, but was refused payment.[1] She also stated that certain named acquaintances used young women like herself to cash checks and furnished them with appropriate identification for doing so.

■ The assistant manager of Milgram's, Ronald Shilt, testified to the store's procedure in cashing checks. The person presenting the check is photographed, the identification card is cleared through a computer check, and the check itself is photographed. In this instance, photographs of appellant and the check in question were introduced into evidence; the numbers stamped on each during the regiscope process at Milgram's were identical. William Jaksetic, a cashier at the Kansas Bank, testified that the check in evidence bore the stamp of his bank and that it had been returned to the Missouri bank as a forgery. Thus, the evidence was sufficient.

_____

1. In fact it had been cashed.

### I.

Defendant claims that her statement to the agents was induced by implications of leniency, and, more specifically, by their suggestion that they were interested in getting at the instigators and would leave her alone. She further maintains that she had not understood the waiver of rights form, that she had given and signed the statement in order to be rid of the agents, and that everything in the statement was a lie except for her name.

The agents, on the other hand, testified that her rights were explained, that she had read every page of the statement after its preparation, initialing each one, and that she had made certain deletions and additions before indicating her final approval. They denied having made any promises or any intimations of leniency. Appellant was shown to be 23 years old, a high school graduate, and a woman of normal intelligence.

The trial court received the statement and allowed it to be read to the jury and considered, with appropriate instructions after deletion of certain portions which had implicated the defendant in other like offenses. We believe that the court did not err in its ruling.

### II.

At trial appellant's counsel objected to the introduction of government exhibits five through eight which consisted of a deposit slip and deposit slip tallies from the Missouri bank. Defendant also objected to the government calling as a witness one Phillip Rice who was the Assistant Head Teller at the Missouri bank. He testified to the bank's having processed the check in question.

Objection was also made to the introduction and admission of a photocopy of the original check which had already been received into evidence. This copy, unlike the original, clearly bore the stamp of Milgram's store showing that the check had been cashed. The discrepancy was explained by the fact that the chemicals used in processing for fingerprints often obliterate ink marks.

The above items, including the names of all witnesses, were discoverable ten days in advance of trial in accordance with a pretrial discovery order prepared by the magistrate at the Omnibus Hearing. A proper demand was made, yet this material was not disclosed to defendant until it was actually offered into evidence. The deputy United States Attorney explained that he had been assigned the case only the day before and had obtained these items and secured Rice's testimony in order to build a more substantial case.

The appellant's counsel argued below, as here, that the admission of these items and the testimony of Rice were prejudicial and warranted reversal for a violation of Federal Rule of Criminal Procedure 16 because the interstate nature of the offense was established thereby.

The trial court, though displeased with the government's failure to comply with the discovery order, allowed the evidence, but did so only after the defense was allowed time to inspect the items. This was accomplished during a comparatively brief recess.

We agree with the trial court's view that the admission was not prejudicial in the peculiar circumstances of this case. The evidence had established the elements of the offense, and this material was cumulative. Moreover, regardless of whether the government acted through bad faith or inadvertence (and it appears to have been inadvertence), the evidence here was not of a sensitive nature as in United States v. Bryant, 142 U.S.App.D.C. 132, 439 F.2d 642 (1971); nor did it involve a new and sensational mode of proof as in United States v. Kelly, 420 F.2d 26 (2d Cir. 1969). The present case is more nearly like United States v. Zammiello, 432 F.2d 72 (9th Cir. 1970) where the violation of a pretrial discovery order was not serious enough to warrant reversal.

■ Our reaction is much like that of the trial court, that is, we consider the failure of the district attorney to comply with the order to be inexcusable. At the same time, the decision to reject or accept the documents was in the province of the trial court, and we cannot say that abuse of discretion is apparent.

The judgment is affirmed.