UNITED STATES of America,
Plaintiff-Appellee,

v.

Israel Esparza RANGEL, a/k/a Ray
Range, a/k/a Ray Reyna, a/k/a Ray
Ruiz, and David Esparza Rangel, Jr.,
Defendants-Appellants.

No. 73-2787

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1974.

George W. Shaffer, John J. Pichinson, Corpus Christi, Tex., for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, Israel Rangel, was convicted on one count of importation of marijuana into the United States under 21 U.S.C.A. §§ 960(a)(1) and 952(a) and on one count of distribution of marijuana under 21 U.S.C.A. § 841(a)(1). Appellant, David Rangel, was convicted on one count of distribution. We affirm.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409. Part I.

Appellant, Israel Rangel, complains here of the admission at trial of a tape recording made by Customs agents of an incriminating telephone conversation between Israel Rangel and co-defendant Murray (currently a fugitive from justice. After Murray had been arrested and taken to the Customs Office in connection with his participation in the scheme to import and distribute the marijuana he called Israel Rangel from the Customs Office. The Customs agents recorded the call. Statements made by Israel Rangel during the course of the conversation warranted the inference that he was a participant in the drug transactions. The tape was played twice before the jury. 18 U.S.C.A. § 2511(2)(c) provides that:

"It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication where * * * one of the parties to the communication has given prior consent to such interception."

■ Appellant, Israel Rangel, contends that the government did not carry its burden of showing that co-defendant Murray voluntarily consented to the government's interception of the conversation. We disagree. We think that there was sufficient evidence on the record to justify the District Court's conclusion that Murray did voluntarily consent to the recording. Murray was unavailable to testify. The Government produced one of the Customs agents who was present who testified that Murray had been given his Miranda warnings when taken into custody, that he asked Murray whether he had his permission to tape the telephone call to Rangel and Murray replied "yes", and that Murray was shown all of the taping equipment before the call was placed.

We reject Appellant's contention that the Government did not present a detailed enough description of the events in the Customs Office preceding the telephone call to warrant a finding of voluntary consent. Appellant had full opportunity to cross-examine the Customs agent who testified. Furthermore, Appellant's counsel strenuously objected whenever the Government attempted to elicit testimony concerning the conversation between Murray and the agent on the question of consent.

■ Unlike extrajudicial statements implicating a co-defendant, Bruton v. United States, 1968, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476, this conversation implicated Israel only.[1] Thus we find no merit in Appellant David Rangel's contention that the admission of the taped telephone conversation against Israel Rangel unduly prejudiced David Rangel, especially in light of the Court's careful instruction that the conversation was admissible only against Israel Rangel.

■ Appellants assert that the phrasing of a question by the prosecuting attorney in the cross-examination of David Rangel was so prejudicial as to require a mistrial since it might have been construed as implying misconduct on the part of the attorneys. The Court promptly sustained Appellant's objection to the question. We reject the claim that the phrasing of this question by the prosecutor deprived appellants of their Sixth Amendment right to assistance of counsel by discrediting appellant's counsel in the eyes of the jury. Nor in the totality of this record was any likely prejudice demonstrated. See United States v. Steinkoenig, 5 Cir., 1973, 487 F.2d 225.

Affirmed.

1. The brief conversation, in which no names were mentioned, was devoted to the arrangement of a meeting after a previously scheduled one had failed to materialize.