**UNITED STATES of America, Appellee,**

v.

**Wilbur WALKER, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Floyd TAYLOR, Appellant.**

**Nos. 76–1105, 76–1163.**

United States Court of Appeals,
Ninth Circuit.

June 30, 1976.

Rehearing Denied Aug. 23, 1976.

Geoffrey C. Cross (argued), of Hoff & Cross, Tacoma, Wash., for appellant in No. 76–1105.

Donald M. Currie, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee in No. 76–1105.

Paul M. Larson, of Brooks & Larson, Yakima, Wash., for appellant in No. 76–1163.

Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee in No. 76–1163.

## OPINION

Before ELY and CHOY, Circuit Judges, and ORRICK,* District Judge.

PER CURIAM:

Taylor and Walker were convicted by a jury of conspiring to distribute and of distributing heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Taylor received concurrent sentences of 10 years imprisonment on each of three counts, plus concurrent special parole terms of three years. Walker was sentenced to concurrent terms of three years on each of three counts and special parole terms of three years, also to run concurrently. They appeal their convictions on several grounds. We affirm.

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

On June 10, 1975, Agent Williams of the Drug Enforcement Administration (DEA) was introduced to the appellants by an informant. According to Agent Williams, Walker told him that he (Walker) and Taylor carried out most of their drug transactions as joint ventures. A sale of heroin was arranged for the following day. On June 11, Agent Williams and the informant met Taylor, from whom Williams bought a quantity of heroin. On June 27th, sixteen days later, the agent called Walker in an unsuccessful attempt to arrange another sale. Agent Williams tape recorded his conversation with Walker.

On September 19, 1975, Taylor learned of an outstanding warrant for his arrest and on September 22nd surrendered himself to the office of the United States Marshal. After being released on bail, Taylor met two DEA agents at a restaurant on September 29th. One of the agents read Taylor the latter's so-called *Miranda* rights, and thereafter Taylor made statements incriminating himself and Walker. At the request of the agents, Taylor met them at the United States Attorney's office two days later and initialed a written statement, again implicating both him and Walker.

At trial, the informant testified that she had witnessed Taylor and Walker distributing narcotics on approximately 10 occasions during the previous 4 years. Both appellants testified. Taylor denied his statements concerning Walker and claimed that any incriminatory comments he may have made were a result of duress. The agents swore that Taylor had not been coerced.

Walker and Taylor here argue that they were denied adequate discovery and that the jury panel was illegally constituted because eighteen-year-old voters had not been mixed into the jury system as promptly as they thought proper. The record does not reveal any basis for reversal on the two

contentions just mentioned. However, Walker's argument that he should have been allowed to discover the tape recording made by Agent Williams of his June 27th telephone conversation with Walker merits some discussion.

Prior to trial, Walker filed a motion for discovery pursuant to Rule 16, Fed.R. Crim.P., in which he asked for "[a]ny statements made by the defendant which relate to this case." Despite this, the existence of the tape recording was not discovered by Walker until the course of the cross examination of Agent Williams in the midst of the trial. Walker contends that the tape recording is a statement "made by the defendant" within the meaning of Rule 16(a)(1) [1] and that the government's failure to reveal it to him until trial constitutes reversible error. This is a question of first impression in this court.

■ Several other Courts of Appeals have considered the issue and have held that tape recordings of conversations between an accused and a government informer or agent are discoverable statements of the defendant under the aforementioned Rule. *United States v. James,* 495 F.2d 434 (5th Cir.), *cert. denied,* 419 U.S. 899, 95 S.Ct. 181, 42 L.Ed.2d 144 (1974); *United States v. Bryant,* 142 U.S. App.D.C. 132, 439 F.2d 642 (1971); *Davis v. United States,* 413 F.2d 1226 (5th Cir. 1969); *United States v. Isa,* 413 F.2d 244 (7th Cir. 1969). We agree with these decisions. At the same time, however, reversal for violation of the Rule is not warranted in this case. We are convinced from a careful review of the entire record that the prejudice, if any, flowing from the prosecution's failure to produce the tape until the time of trial did not affect Walker's substantial rights. The testimony of the informant and Agent Williams provided such strong

1. Now Rule 16(a)(1)(A), effective December 1, 1975. At the time of trial in November, 1975, Rule 16(a) read in pertinent part as follows:

Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or re-

corded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, . . .

evidence of Walker's involvement in the conspiracy that the result of the trial would not likely have been different had there been lawful compliance with the discovery Rule. The contents of the tape recording are not of such significance that Walker, on this appeal, has been able to establish that he was legally prejudiced by his failure to know of the recording at the appropriate time. We therefore hold that the admission of the tape recording into evidence was harmless error.

There is no merit to Walker's other claims. *Nelson v. O'Neil*, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), refutes the contention that Walker's *Bruton* rights were violated by the admission of the co-defendant Taylor's statements implicating Walker. Our decision in *United States v. Keen*, 508 F.2d 986 (9th Cir. 1974), *cert. denied*, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975), directly undercuts Walker's contention that the tape recording was inadmissible because the consent of both parties to the conversation was not obtained, as required by the law of the State of Washington.

Taylor's claim that it was reversible error to admit his incriminating statements because they resulted from duress is equally insubstantial. And his argument that admission of the statements violated his *Miranda* rights because he was not given warnings the second time he met with the agents must also fail. Taylor was not in custody when he made the comments in question; thus, there was no legal requirement that he be given *Miranda* warnings on either occasion.

AFFIRMED.