**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Irene Yvonne PHILLIPS,**
**Defendant-Appellant.**

**No. 78–5116**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas A. Larkin, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant was convicted, after jury trial in the Middle District of Florida, on six counts of an original seven-count indictment, the government having obtained a dismissal of one count. The entire indictment dealt with the illegal possession, forging and uttering of stolen United States Treasury checks. Appellant asserts error arising out of counts four and five of the indictment,[1] charging him with possession of stolen mail in violation of 18 U.S.C.A. § 1708 and uttering a forged check in violation of 18 U.S.C.A. § 495. One check, made payable to Marilyn M. Bishop, was involved in both of those counts.

At trial, during the cross-examination of the government's handwriting expert, Ronald N. Morris, defense counsel first learned that another handwriting examiner, a Mr. Choate, had made a prior examination of the same check.

Mr. Choate did not appear as a witness. The government had a copy of his report, as well as the report of witness Morris. Prior to the trial, it had furnished to appellant's counsel the Morris report but had not disclosed the existence of the Choate report. The latter report was furnished to appellant's counsel after the trial at the direction of the district judge. In the report Choate concluded that appellant had "very probably written" the third endorsement on the Marilyn M. Bishop check involved in counts four and five, but he found no basis for identifying or eliminating appellant as having written the reported signature of Marilyn Bishop as first endorser of the check.

Appellant contends that the failure of the government to supply a copy of the Choate report to appellant prior to trial constitutes error on two grounds. First, appellant asserts that the report was information favorable to the accused under the *Brady* doctrine.[2] We have carefully examined the report and the record in this case. The Choate report linked the defendant's handwriting with an endorsement on a check which appellant was charged with having possessed and cashed. The contention that such evidence would have been exculpatory evidence under *Brady* is without merit.

The second contention made by appellant requires some further investigation. In the Middle District of Florida, as in other districts, the court has adopted a far-reaching and constructive "Omnibus Hearing Project." Participation in the program is

---

1. The government asks us to refuse to review the convictions under counts four and five because the defendant's sentence under those counts is concurrent with the sentence imposed on counts one through three. We decline to exercise our discretion to apply the concurrent sentence doctrine here, nor do we address the difficult question of whether the concurrent sentence doctrine remains viable. *See United States v. Evans*, 572 F.2d 455, 476 n. 21 (5th Cir. 1978).

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

voluntary. If a defendant declines to participate, he is entitled to such discovery of government evidence and information as the law provides, and nothing more. Further, by refusing to participate, the defendant declines to agree to furnish information to the government not ordinarily discoverable of a defendant by legal processes. On the other hand, if the government and the defendant elect to participate in the omnibus hearing program, each agrees to furnish to the other more information than either would be entitled to receive or required to furnish under the law. Thus, on a "quid pro quo" basis, the defendant may undertake to make available to the government reports, statements, affidavits or interviews of witnesses to be used by the defendant in defendant's case-in-chief. Participation in the project does not limit the government's obligation to make discovery as otherwise required by law. Thus, *Brady* material must be provided. However, participation in the project often requires the prosecutor to furnish additional information as its part of the bargain.

The omnibus order entered in this case contained the following paragraph:

4. The government does have reports of experts in its file. The government will call expert witnesses to testify. The name of each expert witness, his qualifications, the subject of his testimony being *handwriting and fingerprints* and his reports will be supplied to defendant.

Pursuant to this paragraph of the order, the government furnished appellant with a copy of the report of witness Morris, the only expert witness to testify. However, the government furnished nothing in response to its undertaking in the next paragraph of the omnibus order to supply appellant with "reports of scientific . . . comparisons and other reports of experts pertaining to this case." It is clear that the second paragraph quoted above dealt with reports of experts other than prospective expert witnesses and that it obligated the government to supply such reports of scientific comparison regardless of their exculpatory nature. Having obtained discovery

from the defendant through the omnibus procedure, there appears to be no excuse for the prosecutor to have withheld the Choate report from the defendant in breach of its obligation to furnish it.

In our view, the agreement of the government to engage in pretrial discovery under the omnibus project makes the information referred to therein discoverable to the same extent as it would be if it were discoverable under the rules of law generally applicable. Thus, we conclude that the Choate report was discoverable and that the prosecution failed in its duty to furnish it to the defense. *United States v. Scanland*, 495 F.2d 1104, 1106 (5th Cir. 1974). *Cf. United States v. Urdiales*, 523 F.2d 1245, 1247 (5th Cir. 1975), *cert. denied*, 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976).

Nonetheless, after a careful review of appellant's brief and the record on appeal, we are firmly of the conviction that no prejudice resulted to appellant due to the prosecutor's having wrongfully withheld this report. Rather than tending to be exculpatory, the exposure of the substance of Choate's report would have been harmful to the appellant's case.

Thus, although we strongly condemn the failure of the government to abide by its obligations under the omnibus proceeding, we cannot reverse appellant's conviction in the absence of a showing of prejudice. *See United States v. James*, 495 F.2d 434 (5th Cir.), *cert. denied*, 419 U.S. 899, 95 S.Ct. 181, 42 L.Ed.2d 144 (1974); *United States v. Saitta*, 443 F.2d 830, 831 (5th Cir.), *cert. denied*, 404 U.S. 938, 92 S.Ct. 269, 30 L.Ed.2d 250 (1971).

Accordingly, the judgment appealed from is

AFFIRMED.