UNITED STATES of America, Appellee,

v.

**Jack Lee BOWERS, Appellant.**

No. 77–1811.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 24, 1979.

Decided March 5, 1979.

Rehearing Denied March 23, 1979.

Robert D. Inman, Denver, Colo., for appellant.

Robert Bruce Collins, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him, on brief), for appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

SETH, Chief Judge.

Jack Bowers was convicted by a jury for theft, forgery, and conspiracy to forge United States Government checks in violation of 18 U.S.C. §§ 371, 495, 1708. He complains that he was not adequately represented at trial and challenges various rulings made by the trial judge. We conclude that the issues defendant raises in this appeal are insufficient to reverse and therefore affirm his conviction.

There was substantial evidence to establish that Bowers stole twenty-two Social Security checks from a local post office in Albuquerque, New Mexico. Two coconspirators testified that he removed the checks from mail racks left unattended on the substation's loading dock and that he enlisted their help in cashing the checks. The evidence indicates that in order to cash the

checks, a device stolen from the New Mexico Department of Motor Vehicles was used to make driver's licenses to correspond with the names appearing on the stolen checks and with pictures of the conspirators. The coconspirators forged the necessary endorsements and cashed the checks at local banks, returning the money to defendant. He evidently forged only one check which required two endorsements. Testimony by a handwriting examiner from the Postal Service indicated that defendant probably forged the second endorsement. This expert witness also testified that latent fingerprints matching Bowers' were found on two checks.

Defendant testified on his own behalf, and maintained that he was in California when these events happened. When questioned about his fingerprints on the two checks, defendant explained that one coconspirator handed him the checks on a later date while attempting to enlist him in the forgery scheme. Defendant admitted seeing the machine to make driver's licenses but denied operating it. On cross-examination, the Government introduced several fake driver's licenses obtained from defendant by Arizona police during an unrelated incident. Defendant stated he used these licenses to protect himself from police harassment.

Defendant maintains on this appeal that he was denied adequate representation by actions of the trial judge and the Assistant United States Attorney; that admission of certain evidence at trial which was not disclosed prior to trial as required by the pretrial discovery agreement substantially prejudiced his defense; and that a United States Postal Service report was hearsay and not admissible as a record of a regularly conducted business activity.

Defendant argues that the speed with which he was brought to trial and the prosecutor's failure to notify defense counsel of evidence obtained for use at trial frustrated defense counsel's attempt to prepare for trial. The record shows that defense counsel filed numerous motions prior to trial, made many proper objections during the

trial, and presented a vigorous defense. Defense counsel offered evidence partially corroborating defendant's alibi, and called various witnesses in an attempt to discredit the testimony concerning defendant's scheme for stealing the checks.

■ Defendant stresses the time element as indicative of counsel's inability to prepare for trial. Counsel entered her appearance on May 24th and trial was set for June 15th. The trial judge denied a motion for continuance, but pursuant to counsel's motion ordered the defendant on June 15th to undergo a section 4244 examination at the medical facility for federal prisoners at Springfield, Missouri. This was done, and defendant was returned to Albuquerque on August 5th and trial began August 9th. There is no showing or other indication that defendant was prejudiced by this time schedule. The record reflects that he attempted to locate several California witnesses, but was unable to do so. However, it does not appear that additional time would have helped. Counsel had twenty-four days prior to defendant's departure for Springfield and two months thereafter for preparation. Moreover, counsel stated she was ready for trial when the trial began on August 9th. The trial judge did not abuse his discretion in this regard. *United States v. Lamb*, 575 F.2d 1310 (10th Cir.); *United States v. Krohn*, 573 F.2d 1382 (10th Cir.). We must conclude that none of the actions complained of demonstrate that defense counsel's representation did not conform to any prevailing standard.

■ Defendant also maintains that he was substantially prejudiced by admission of certain evidence not disclosed prior to trial as required by Fed.R.Crim.P. 16(a)(1). Defense counsel filed a motion for discovery of statements made by the defendant and for any tangible objects possessed by the Government ". . . which are material to the preparation of the Defense or are intended for use by the Government as evidence at the trial of the cause, or were obtained from or belong to the Defendant." The motion was a literal reproduction of Rule 16(a)(1). The Government responded

to this portion of defendant's motion in a written response which stated as to the request directed to physical evidence that such ". . . will be made available for inspection prior to trial." The Government subsequently introduced and the trial judge admitted, over defense counsel's Rule 16 objections, a statement signed by defendant, several handwriting exemplars, and several fake driver's licenses obtained from defendant in Arizona.

The Government argues on appeal that it was under no duty to notify defense counsel that this evidence had come into its possession. Thus the issue is whether, in view of the agreement to produce in its response, the Government should have advised defendant's attorney about the driver's licenses received shortly before trial, but after defendant's attorney had been to the United States Attorney's office to examine the material to be disclosed. The Government urges that they were in the office and defendant's attorney could have seen them had she come there again.

Rule 16(c) provides:

"If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, he shall promptly notify the other party or his attorney or the court of the existence of the additional evidence or material."

The evidence here concerned was subject to discovery under Rule 16(a), and under defendant's motion. The Government was under a duty to advise by reason of the motion, and its response. There apparently was no order entered on the motion. A proper and practical application of Rule 16(c) in these circumstances, where the Government has in substance agreed to comply with the motion, requires the holding that the Government had to notify defendant's counsel that the evidence had been acquired by the prosecution. This duty to advise under Rule 16(c) was not avoided by the Government's ambiguous response which must be regarded as an agreement to comply with Rule 16 in all respects.

Furthermore, Fed.R.Crim.P. 16(a)(1)(C) states that tangible objects are subject to disclosure which are material to the preparation of defendant's defense, ". . . or [which] were obtained from or belong to the defendant."

■ Although the Government violated Rule 16, we nonetheless cannot say the trial judge committed reversible error by admitting the evidence. *United States v. Dowdy*, 455 F.2d 1253 (10th Cir.). The trial judge exercised his discretion over admission of this evidence, and abuse will be found only if the defendant demonstrates substantial prejudice, and this he did not do. *United States v. Bridwell*, 583 F.2d 1135 (10th Cir.); *United States v. Hodges*, 480 F.2d 229 (10th Cir.); *United States v. Dowdy*, 455 F.2d 1253 (10th Cir.).

■ The Government introduced the signed statement and handwriting exemplars as evidence in chief for the purpose of comparing defendant's handwriting with the endorsement. After defense counsel objected to the signed statement, the trial judge admitted only defendant's acknowledgment and signature. This evidence corroborated evidence already part of the Government's case, and was not of a nature that would warrant reversal. *See United States v. Bryant*, 142 U.S.App.D.C. 132, 439 F.2d 642 (case remanded to determine degree of bad faith on part of Government for failing to preserve crucial tape recording between defendant and undercover agent); *United States v. Kelly*, 420 F.2d 26 (2d Cir.) (defendant substantially prejudiced by introduction of new scientific tests in drug prosecution when Government failed to disclose results prior to trial). The driver's licenses were more crucial, but, again, did not substantially prejudice defendant's case. These were obtained during a search by Arizona authorities in connection with another incident. The Government introduced them during cross-examination of defendant in an attempt to impeach his denial of using the driver's license machine. Unlawfully obtained evidence, if that it was, may be used to impeach a defendant. *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43

L.Ed.2d 570; *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1; *Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503. Thus the trial judge correctly admitted the driver's licenses.

■ The trial judge admitted into evidence a United States Postal Service report which discussed security procedures at the postal substation where the theft occurred and recommended several changes to avoid future thefts. This one-page report was admitted under Fed.R.Evid. 803(6) which provides an exception to the hearsay rule for reports "kept in the course of a regularly conducted business activity." The Postal Inspection Service prepared the report in 1976 shortly after conducting an audit. The custodian of the records for the Albuquerque postal district testified to the report's origin. The report was properly admitted. The custodian did not prepare the report, but this fact merely affects the weight to be given the evidence, not its admissibility. *Woodring v. United States*, 376 F.2d 619 (10th Cir.).

AFFIRMED.